# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL LAMAR ROLF SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-00005-CV-W-DGK |
| ) | |
| MCKEE FOODS (LITTLE DEBBIE), ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant McKee Foods Corporation's Motion for summary judgment. Doc. 34. The Court has reviewed this Motion in conjunction with Defendant's Memorandum in Support, Plaintiff Michael Rolf's Memorandum, Defendant's Reply and all attached exhibits. Docs. 35, 38 & 39. For the reasons discussed below, Defendant's Motion is GRANTED.

## Background

This case arises out of Plaintiff's products liability claim pursuant to Missouri Revised Statute § 537.760. Plaintiff seeks damages arising from a defective or hazardous food product manufactured by Defendant. Plaintiff claims Defendant, maker of Little Debbie Iced Honey Buns, manufactured Honey Buns with a drug in them which Plaintiff ate and became high as a result. Plaintiff seeks an undetermined amount of damages for injuries sustained.

## Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c)(2). The

party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, the non-moving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The Court must view the facts "in the light most favorable to the non-moving party" and resolve all reasonable inferences in that party's favor. *Davis v. Hall,* 375 F.3d 703, 711 (8th Cir. 2004).

Local Rule 56.1(a) sets out the manner in which motion for summary judgment should be filed in this Court.

> The suggestions in support of a motion for summary judgment shall begin with a concise statement of uncontroverted material facts. Each fact shall be set forth in a separately numbered paragraph. Each fact shall be supported by reference to where in the record the fact is established . . . . Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine disputes exists . . . . All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless *specifically controverted* by the opposing party.

Local Rule 56.1(a) (emphasis added).

## Discussion

### A. Facts

Generally, the Court would note disputed facts below and resolve inferences in Plaintiff's favor. Here, however, Plaintiff has failed to deny any of the facts set forth in McKee Food's Motion for summary judgment and is therefore deemed to have admitted them. Plaintiff has also served no response to Defendant's Request for Admissions. Federal Rule of Civil Procedure 36(a)(3) provides that "a matter is admitted, unless, within 30 days after being served, the party whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

2

Plaintiff has therefore admitted everything contained in Defendant's Request for Admission. Accordingly, for the purposes of summary judgment, the Court finds the material facts to be as follows.

1. Plaintiff filed suit for products liability pursuant to Missouri Revised Statute § 537.760 seeking damages for a defective and hazardous food product (Little Debbie Iced Honey Buns) manufactured by Defendant. Doc. 35 at ¶ 1.
2. Defendant's first Request for Admissions were served on Plaintiff on February 4, 2010. *Id.* at *¶ 2.*
3. To date, Plaintiff has not responded to the Request for Admissions. *Id.* at ¶ 3.
4. The Honey Buns Plaintiff purchased came in a sealed box with 6 individually packaged Honey Buns inside of each box. *Id.* at ¶ 5-6.
5. Plaintiff only consumed part of one of the Honey Buns. *Id.* at ¶ 8.
6. Plaintiff consumed the Honey Bun that resulted in his filing of the present lawsuit. *Id.* at ¶ 9.
7. The only injury that Plaintiff alleges that resulted from his consumption of the Honey Bun was that he became high. *Id.* at ¶ 10.
8. Plaintiff did not seek any medical treatment as a result of becoming high or after his consumption of the Honey Bun. *Id.* at ¶ 10-11.
9. No doctor has ever told Plaintiff that he became high as a result of his consumption of the Honey Bun. *Id.* at ¶ 14.
10. Plaintiff did not miss any time from work as a result of becoming high or following his consumption of the Honey Bun. *Id.* at ¶ 15-16.
11. Plaintiff has not had any tests conducted on the Honey Buns. *Id.* at ¶ 25.

12. No foreign substance has been discovered in the Honey Buns. *Id.* at ¶ 26.

13. The Honey Bun which Plaintiff partially consumed did not contain any illicit drug. *Id.* at ¶ 28.

14. Plaintiff has no evidence that the Honey Buns were in a defective condition at the time that they left the possession of Defendant. *Id.* at ¶ 29.

15. Plaintiff has no evidence that the Honey Bun he consumed contributed to his becoming high. *Id.* at ¶ 30.

16. The Honey Buns were not defective at the time of Plaintiff's purchase. *Id.* at ¶ 31.

17. The Honey Buns were not unreasonably dangerous at the time of Plaintiff's purchase. *Id.* at ¶ 32.

18. Plaintiff has no evidence regarding any actual loss or detriment resulting from his consumption of the Honey Bun. *Id.* at ¶ 33.

19. The Honey Buns were not unreasonably dangerous when put to a reasonably anticipated use at the time of their purchase. *Id.* at ¶ 34.

To date, the only document filed by Plaintiff in opposition to this Motion is entitled: "Summary Judgment That Was Due By 6-30-2010." It suggests that he will try to present evidence in the future but does not contain a concise listing of material facts that are admissible for review under Local Rule 56.1. Plaintiff's memo therefore fails to establish any facts to be considered in ruling on summary judgment. Summary judgment is appropriate because Plaintiff has admitted Defendant's dispositive facts and provided none of his own. *See Quasius v. Schwan Food Co.,* 596 F.3d 947, 950-51 (8th Cir. 2008) ("If facts that are admitted under Rule 36 are 'dispositive' of the case, then it is proper for the district court to grant summary judgment.").

### B. Plaintiff Fails To Present A Prima Facie Case

Plaintiff filed suit against Defendant seeking damages under Mo. Rev. Stat. § 537.760 for a defective and hazardous food product allegedly manufactured by Defendant. Under Missouri law, to prove strict products liability, a plaintiff must show the following elements:

(1) The defendant, wherever situated in the chain of commerce, transferred the product in the course of his business; and

(2) The product was used in a manner reasonably anticipated; and

(3) Either or both of the following:

(a) The product was then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or

(b) The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

Mo. Rev. Stat. § 537.760. Plaintiff's admissions show that he cannot present a prima facie case for a products liability claim.

#### 1. Plaintiff Cannot Show That The Honey Buns Were Defective Or Unreasonably Dangerous

Plaintiff pled that Defendant manufactured these Honey Buns with a drug in them that made him high after consumption. He admits, however, the Honey Buns did not contain any illicit drug and that they were not unreasonably dangerous. Plaintiff cannot show the defect prong of the third element of a Missouri products liability claim.

#### 2. Plaintiff Cannot Show Damages

Even if Plaintiff established the Honey Buns were defective or unreasonably dangerous, Plaintiff has not presented any evidence to show he was damaged by Defendant's product. Plaintiff's only claim for damages was that he "became high" after consumption of the Honey

Bun. Plaintiff admits, however, he did not seek any medical treatment as a result of becoming high following the consumption of the Honey Bun or miss any work as a result. Plaintiff will be unable to show any damages required by the third element of a Missouri products liability claim.

## Conclusion

Plaintiff's admissions show that he cannot present a prima facie case of products liability. Accordingly, no reasonable jury could find in his favor. Defendant's Motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: September 2, 2010 /s/ Greg Kays
GREG KAYS
UNITED STATES DISTRICT JUDGE